UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BORNALLAH WRIGHT,

           Plaintiff,

    v.

GLENN S. GOORD, Commissioner, et al.,

           Defendants.

DECISION & ORDER

04-CV-6003P

---

        Plaintiff in the above-captioned matter has filed, a *pro se* Complaint pursuant to 42 U.S.C § 1983, alleging that defendants have conspired to violate his First and Eighth Amendment rights. (Docket # 8). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 43). For the following reasons, plaintiff's motion is denied.

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1. Whether the indigent's claims seem likely to be of substance;

    2. Whether the indigent is able to investigate the crucial facts concerning his claim;

    3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4. Whether the legal issues involved are complex; and

    5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

    The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

    The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that defendants conspired to violate his constitutional rights and acted with gross negligence and deliberate indifference. (Docket # 8). Through the current motion, plaintiff requests the assignment of counsel because he has been unable to retain a private attorney. (Docket # 43).

    Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success

on the merits. *See Id.* This, plaintiff has failed to do. Moreover, the legal issues in this case do not appear to be complex, and based upon the pleadings and multiple motions filed thus far, plaintiff has demonstrated an ability to litigate this matter *pro se*. Accordingly, plaintiff's motion for the appointment of counsel **(Docket # 43)** is **DENIED** without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                                 *s/Marian W. Payson*
                                                   MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
       October  18 , 2005.