UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BORNALLAH WRIGHT,

                                        Plaintiff,

                                                                           <u>DECISION AND ORDER</u>

                                                                           04-CV-6003L

                V.

COMMISSIONER GLENN S. GOORD, et al.,


                                        Defendants.
_____


      Plaintiff, Bornallah Wright, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights were violated in connection with an alleged assault on him by several correctional officers on June 11, 2001, at Attica Correctional Facility ("Attica"). Plaintiff has sued some of the officers who allegedly took part in the assault, as well as several DOCS supervisory and administrative officials. Three of the defendants–Glenn S. Goord, Victor Herbert, and Mark Miller ("the moving defendants")–have moved for summary judgment dismissing plaintiff's claims against them. For the reasons that follow, their motion is granted.

**DISCUSSION**

At the time of the incidents giving rise to this lawsuit, defendants Goord, Herbert and Miller held the positions of Commissioner of DOCS, Superintendent of Attica, and senior investigator with the DOCS Inspector General's Office, respectively. The gist of plaintiff's claims against them is that they ignored warning signs that an assault like this one might occur, that they took no steps to protect plaintiff from assaults by staff, that they failed to adequately train and supervise the correctional officers who took part in the alleged assault, and that they failed to take adequate measures to investigate plaintiff's complaints after the assault or to punish the officers involved.

The basis for the moving defendants' summary judgment motion is that there are no facts showing their personal involving in the alleged constitutional deprivations. I agree.

A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must show that the supervisor was personally involved in the alleged constitutional deprivation. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001). Personal involvement may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to others' rights by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

Here, the moving defendants have submitted sworn declarations setting forth the extent of their involvement in the underlying events. Goord, for instance, states that he has learned that in July 2001, his office received an administrative appeal of a grievance that had been filed by plaintiff concerning the alleged assault on June 11. DOCS records indicate that the appeal was handled by another member of Goord's staff, and Goord himself had no direct involvement in the handling of the appeal. Dkt. #33 ¶¶ 6-10. Goord also states that his office received no correspondence from plaintiff prior to June 11 concerning any problems with the officers who took part in the alleged assault.

Herbert and Miller likewise state in their declarations that they are not aware of any grievances filed or complaints made by plaintiff about the officers in question prior to June 11, 2001. Herbert states that he investigated and denied plaintiff's grievance concerning the alleged assault, and Miller states that he was not even aware of that grievance prior to this lawsuit. Dkt. #34 ¶ 6; Dkt. #35 ¶ 5.

In response, plaintiff has submitted a memorandum of law and statement of material facts that he alleges are in dispute, but in neither does he demonstrate that there are in fact any genuine issues of material fact with respect to his claims against the moving defendants. Instead, he merely cites broad, general propositions of law, and makes sweeping, unsupported assertions that the moving defendants should have known that unconstitutional practices were occurring at Attica.[1]

---

[1]In support of his allegations that defendants knew or should have known about alleged
(continued...)

Plaintiff has submitted copies of letters that he sent to two DOCS employees on June 4, 2001, requesting that he be moved to a different cell block because the officers in his then-current cell block were harassing him. Dkt. #41 at 2, 4. Plaintiff asked that he be moved "[b]efore something happen[ed] to [him]." *Id.* There is no indication that the moving defendants ever saw those letters prior to June 11, however, and even if they had, the letters' vague intimation that "something" might happen to plaintiff if he were not moved would not have put them on notice of any substantial risk of harm to plaintiff so as to give rise to liability on their part. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (to establish failure-to-protect claim, inmate plaintiff must show that prison official acted with deliberate indifference to "substantial risk of serious harm" to inmate).

In addition, the mere fact that Goord's *office* received and handled plaintiff's appeal of his grievance is insufficient to show his personal involvement in the relevant events. *See Shell v. Brzezniak*, 365 F.Supp.2d 362, 374 (W.D.N.Y. 2005) (the fact that an official ignored a letter alleging unconstitutional conduct is not enough to establish personal involvement"); *Liner v. Goord*, 310 F.Supp.2d 550, 555 (W.D.N.Y. 2004) ("[w]here a supervisor's involvement in a prisoner's complaint is limited to forwarding of correspondence to appropriate staff, the supervisor has insufficient personal involvement to sustain a § 1983 cause of action").

Finally, while the record shows that Herbert did deny plaintiff's grievance concerning the alleged assault, I see no evidence to suggest that he did so out of any impermissible motive,

---

[1](...continued)
problems at Attica, plaintiff frequently cites the Official Report of the New York State Special Commission on Attica, which was published in 1972 following an investigation into the infamous 1971 Attica prison riot. He has not demonstrated, however, that the problems that were identified in that report were connected to any conditions or events relating to the alleged assault on plaintiff thirty years later.

retaliatory or otherwise.  Plaintiff's claim against Herbert is based on nothing more than plaintiff's dissatisfaction with Herbert's decision (which was affirmed on administrative appeal).

The Supreme Court has stated that a "party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and 'designat[ing] specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56(e)).  *See also Nichols v. Metropolitan Life Ins. Co.*, 180 F.Supp.2d 413, 419 (W.D.N.Y. 2001) ("Faced with this evidence on a motion for summary judgment, plaintiff must ... come forward with 'concrete evidence from which a reasonable juror could return a verdict in his favor'") (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986)).  Plaintiff has failed to do so.  Instead, he relies on what amounts to a theory of *respondeat superior*–that the moving defendants should be held liable simply by virtue of their supervisory positions.  That is not a sufficient basis for a claim for damages under § 1983.  *See Back v. Hastings On Hudson Union Free School Dist.*, 365 F.3d 107, 127 (2d Cir. 2004).

## CONCLUSION

The motion for summary judgment (Dkt. #30) by defendants Glenn S. Goord, Victor Herbert and Mark Miller is granted, and the complaint is dismissed as to those defendants.

Plaintiff's motion for appointment of counsel (Dkt. #51) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 19, 2005