UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BORNALLAH WRIGHT,

                              Plaintiff,

                                                                           DECISION AND ORDER

                                                                            04-CV-6003L

                              v.

COMMISSIONER GLENN S. GOORD,
et al.,

                              Defendants.
_____

On December 19, 2005, the Court issued a Decision and Order in this case granting summary judgment in favor of three of the six defendants in this case, and dismissing plaintiff's claims as to those three defendants. On January 17, 2006, plaintiff filed a notice of appeal from that Decision and Order to the Court of Appeals for the Second Circuit. (Dkt. #53).

On February 22, 2006, plaintiff filed a motion for a "certificate of finality" with respect to the Court's December 19 Decision and Order, which I construe as a motion for entry of a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. Plaintiff's motion is denied.[1]

---

[1] "Although the Court of Appeals for the Second Circuit has cautioned that certification under Rule 54(b) following the filing of a notice of appeal is not 'generally sound practice,' it has indicated that a Rule 54(b) certification issued shortly after a notice of appeal had been filed 'would apparently be honored in this circuit.'" *Correspondent Services Corp. v. J.V.W. Inv. Ltd.*,
                                                                                                     (continued...)

Rule 54(b) "empowers the district court to enter a final judgment on fewer than all of the claims in the action, but 'only upon express determination that there is no just reason for the delay.'" *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991) (quoting Fed. R. Civ. P. 54(b)).  However, certification under 54(b) is given at the court's discretion and should be granted only if there are "'interests of sound judicial administration' and efficiency to be served." *Id.* at 629 (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980)).

I see no such interests to be served here.  Summary judgment is often granted in favor of fewer than all of the defendants in civil actions, but that alone does not warrant the entry of a final judgment.  Interlocutory appeals are the exception, not the norm, and there are no unusual circumstances here making this one of those exceptional cases, particularly since plaintiff's claims against the dismissed defendants arise out of the same facts as his claims against the remaining defendants.  *See Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) ("Where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants").

---

[1](...continued)
232 F.R.D. 173, 175 (S.D.N.Y. 2005) (quoting *Volvo N. Am. Corp. v. Men's Int'l Professional Tennis Council*, 839 F.2d 69, 71 n. 2 (2d Cir. 1988)); *see also Leonhard v. United States*, 633 F.2d 599, 611 (2d Cir. 1980) ("In the absence of prejudice to the nonappealing party, this Court ... has declined to dismiss premature notices of appeal where subsequent actions of the district court have imbued the order appealed from with finality") (collecting cases).

## CONCLUSION

Plaintiff's motion for the entry of a final judgment under Fed. R. Civ. P. 54(b) (Dkt. #55) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 24, 2006.