UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BORNALLAH WRIGHT,

                Plaintiff,

        v.

GLENN S. GOORD, JR., et al.,

                Defendants.
_____

DECISION & ORDER

04-CV-6003L

## INTRODUCTION

Plaintiff, Bornallah Wright ("Wright"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), commenced this action pursuant to 42 U.S.C. § 1983. According to his complaint, Wright alleges that various corrections officers at the Attica Correctional Facility, the facility in which Wright was incarcerated at the time, assaulted him on June 11, 2001. (Docket # 1). Currently before the Court are various discovery motions filed by Wright. (Docket ## 45, 58 and 64).

## DISCUSSION

In his first motion, Wright seeks to compel responses to several interrogatories propounded upon defendants Burlow and Turello and document requests served upon the defendants in general. (Docket # 45). The following constitutes the Decision and Order of this Court with regard to each of Wright's requests.

**A. Interrogatories**: Wright seeks to compel defendant Burlow's response to interrogatories 3, 4 and 5, and to compel defendant Turello's response to interrogatory 7. (Docket # 45). Each of these interrogatories seek information concerning "pulling the pin." (Docket # 45). Although plaintiff has not defined the term "pulling the pin," defendants appear to have understood Wright's interrogatories and have responded by informing him that no "pin" was pulled. (Docket # 48).

The interrogatories propounded to Burlow asked whether, when and who "pulled the pin." In response to each interrogatory, Burlow stated "not applicable." Wright has appropriately moved to compel a further response in view of the unclear meaning of the term "not applicable." Counsel now has clarified that "not applicable" was meant to convey that no "pin was pulled" in connection with the June 11, 2001 events. I find this explanation satisfactory and no further response will be compelled.

I likewise determine that no further response shall be compelled from defendant Turello. From him, Wright sought to learn "[w]hat actions require the pulling of a pin." Wright has not explained why he seeks this information. Unless Wright is alleging that "the pin" should have been pulled, but was not, information about measures that were not resorted to is not relevant.

**B. Document Production:** Wright also moves to compel defendants' responses to numerous specifically identified document requests. The threshold requirement of discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To be discoverable, the information "need not be admissible at the trial if the discovery appears reasonably calculated to

2

lead to the discovery of admissible evidence." *Id*. The relevance standard is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). *See Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1368 (2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to lead to the discovery" of evidence) (quoting Fed. R. Civ. P. 26(b)(1)); *American Banana Co. v. Republic Nat'l Bank of New York, N.A.*, 2000 WL 521341, *2 (S.D.N.Y. 2000) ("Rule 26 plainly allows discovery related to the claims and defenses of any party").

Although the scope of discovery under the Federal Rules is broad, it is not without limitation. Indeed, Rule 26 provides that the court must limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Even when the material in question is discoverable under the rules, "the Court still has considerable discretion to evaluate

the practical realities of discovery, balancing the importance of the information against the burdens of production to decide whether fairness does or does not require production, and if so, on what terms." *Jones v. Goord*, 2002 WL 1007614, *6 (S.D.N.Y. 2002).

In this matter, Wright moves to compel the production of various documents that he alleges are relevant to the claims asserted in his complaint. (Docket # 45). Each of Wright's specific requests will be addressed in turn.

**Document Request 1:** Wright's first request seeks disclosure of prison Directive No. 4901, "Transporting Prisoners," in it entirety. (Docket # 45). Defendants object to this request on the grounds that the directive is not relevant to Wright's claims and that it contains "highly sensitive" material that should not be distributed to inmates. (Docket # 48). In reply, Wright has clarified that he seeks production only of the section concerning the maintenance of logs. If defendants believe that disclosure of this specific section presents security risks that outweigh the relevance of the material to Wright's claims, they may object and explain the nature of their objection. Unless defendants file such an objection, that section of the directive shall be produced to Wright by no later than July 31, 2008.

**Document Request 2:** Wright requests documents relating to interviews of named and unnamed defendants pertaining to the incident raised in his complaint. (Docket # 45). In response to this motion, defendants have acknowledged the confusing nature of their original production and have identified specific responsive documents. (Docket # 48). Defendants have further represented to the Court that they are unaware of any additional documents that would be responsive to Wright's request. (Docket # 48). Accordingly, Wright's motion is denied as moot.

4

**Document Request 3:** Wright's third request seeks "any and all named and unnamed defendants' Progress Index Sheets and Receipt of Complaints in their entirety." (Docket # 45). Wright has explained that this request is aimed at certain sections of the Inspector General's file concerning the June 11, 2001 events. (Docket # 45). Defendants have responded that no such investigation was conducted, and thus no responsive documents exist. (Docket # 48). Having no reason to doubt defendants' representation, Wright's motion to compel is denied. *See American Banana Co. v. Nat'l Bank of New York, N.A.*, 2000 WL 521341 at *3 ("[c]ourt cannot compel production of what does not exist").

**Document Request 4:** Wright requests "any and all named and unnamed defendants' records of all staff members in regards to the incident." He explains that this request refers to "misconduct complaints, reprimands, investigative reports, grievances as well as index lists of any and all named and unnamed defendants that was on the 3 to 11 shift on June 11, 2001." As drafted, I find Wright's request to be overbroad and unduly burdensome. Defendants are hereby directed to conduct a search of the personnel files for the named defendants and to produce to Wright copies of any documents relating to disciplinary action taken against such defendants based upon the use of excessive force. Defendant shall also produce documents relating to any investigations by the Inspector General of the named defendants for the use of excessive force. Accordingly, Wright's motion is granted in part.

**Document Request 5:** Wright requests Employee Accident Reports for all named and unnamed defendants relating to the incident in question. (Docket # 45). The request is granted as it seeks information relevant to the claim, namely, the identities of DOCS employees involved in the incident. Whether they were injured would tend to show their

5

involvement in the incident at issue. Accordingly, Wright's motion to compel is granted, except that defendants may redact confidential medical information contained within such reports.

**Document Request 6:** Wright seeks all "named and unnamed defendants Departmental Histories, Civilian Complaints, Use of Force Complaints, Discipline Infractions/ Complaints and recommendations." (Docket # 45). Defendants object that this request is overbroad and burdensome. (Docket # 48). This motion is duplicative of the motion made to compel production of documents sought in Request No. 4. For that reason, it is denied.

**Document Request 7:** Wright requests the "Histories of Correctional Personnel that was on duty in Block D on both shifts from 1970 to the date of your response." (Docket # 45). Defendants object to the request, arguing that his request is overbroad and burdensome. (Docket # 48). I agree. Wright's request is denied.

**Document Request 8:** In his eighth request, Wright seeks "Memos, Policies, Interagency documents, case History Sheets, Reports of Abuse/Assault on staff data and statistics form 1970 to the date of your response." (Docket # 45). Wright explains that the purpose of his request is "to establish that Attica has . . . always been a facility that operated on its own accord." (Docket # 45 at 12). As above, I find this request to be overbroad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and it is therefore denied.

**Document Request 9:** Wright requests "any and all information, Complaints included that have the greatest potential of abuse, lawsuits, directives and any and all grievances from 2000 to the date of your response." (Docket # 45). I find that this request is incomprehensible. Accordingly, Wright's motion to compel is denied.

**Document Request 10:** Wright requests "any and all information, complaints included, in regards to medical treatment of Use of Force victims from 2000 to the date of your response." To the extent that Wright seeks documents relating to every prisoner who has sought medical treatment following an incident as to which a use of force report was prepared, it is plainly overbroad and irrelevant to the claims at issue in Wright's suit. Accordingly, it is denied.

**Document Request 11:** Wright requests "any and all information, Complaints included in regards to Medical treatment of the officers as a result of Assault on staff, To and From Reports, Misbehavior Reports, photographs of Use of Force victims as well as Officers from 2000 to the date of your response." (Docket # 45). This request is likewise overbroad and irrelevant to Wright's claims. It too is denied.

**Document Request 12:** Wright requests "Departmental Rules, Memos, Investigative Reports, notwithstanding Internal Reports, Fellow Citizens, colleagues and supervisor(s) complaints due to tacit authorization from 2000 to the date of your response." (Docket # 45). This request is incomprehensible and is denied.

**Document Request 14:** In his fourteenth request, Wright seeks "any and all Polices and Procedures of the Department of Correctional Services, Inspector General's Report, the Inspector General's Report on the investigation of the incident, the notes used in writing this report, and notes of Labor Relations pertaining to the incident and such similar incidents from 2000 to the date of your response." (Docket # 45). To the extent Wright seeks reports prepared by the Inspector General or Bureau of Labor Relations in connection with the incident at issue, defendants have indicated that no such reports exist. (Docket # 48). To the extent Wright is

requesting documents relating to other incidents not the subject of this lawsuit, his motion to compel is denied as overbroad and irrelevant.

**Document Request 15:** Wright requests "any and all log book entries including the Watch Commanders Log Book, Memo Books, Inmate Complaints, Convict Complaints, Prisoner Complaints, Felony Complaints, Sergeant, Captain, Lieutenant, Deputy and Domestic Complaints, Time Log, entries of all and any staff member named and unnamed pertaining to the incident." (Docket # 45). Despite the request's overbreadth, defendants have identified and produced specific documents and reports relating to the incident that they believe to be responsive to his request. (Docket # 48). Defendants have further indicated that they are unaware of any additional responsive documents. Accordingly, Wright's motion is denied as moot.

**Document Request 16:** Wright requests "the Employee as well as the Department of Operations Manual in its entirety, Directive # 4910 , and any and all telecommunications and Radio Run pertaining to the incident." (Docket # 45). Defendants have produced Directive # 4910 in its entirety and the table of contents of the DOCS employee manual. (Docket # 48). Defendants have also stated their willingness to produce specific portions of the DOCS manual upon request and have further indicated that they are unaware of any additional documents that would be responsive to Wright's request. (Docket # 48). I find that defendants' response is appropriate and adequate. Wright's motion is therefore denied, except that they shall produce the specific sections of the employee manual that Wright has requested. Those sections shall be produced by July 31, 2008.

**Document Request 17:** In his seventeenth request, Wright seeks "the Individual Security Post pertaining to the incident of any and all named and unnamed defendant's State Commission of Corrections Minimum Standards for County Jail, Attica: the Official report of the New York State Special Commission on Attica, and any and all other such similar reports and documents whether they are in the past, present and future (current)." (Docket # 45). Although defendants fail to reference Document Request 17 in their response to Wright's motion, in their response to his original request, defendants produced a copy of the A-Block post assignments for June 11, 2001 and objected to disclosure of the Attica report on the grounds that it was not relevant to the claims or defenses of any party and would be burdensome to produce. (Docket # 45). I too fail to see the relevance of the Attica report to the case at hand, and the request is therefore denied.

**Document Request 18:** Wright's final request seeks "any and all letters and corresponding letters he wrote to Commissioner Glenn S. Goord, Jr., as well as the past and present Inspector General: Brian Malone and Mark Miller in its entirety starting from 1998 to the date of your response." (Docket # 45). Defendants indicate that they have produced those letters that are relevant to Wright's complaint and argue that production of all unrelated correspondence would be unduly burdensome and irrelevant. (Docket # 48). Wright has failed to explain how the unrelated correspondence is relevant to the claims or defenses of any party. Thus, his motion to compel their production is denied.

## REMAINING MOTIONS

Following the filing of the above-discussed motion to compel, Wright moved for sanctions, including a default judgment, based upon defendants' responses to Wright's discovery demands. (Docket # 58). That motion is denied. Many of defendants' objections have been upheld by this Court. As to those that have not, no basis exists to question defendants' good faith in interposing them. Accordingly, Wright's motion to compel and for sanctions is denied.

On July 19, 2007, Wright filed a motion "for a civil subpoena duces tecum." (Docket # 64). Although the precise nature of the relief Wright seeks is unclear, it appears that he seeks the production of certain documents created during the period January 1, 2005 to September 14, 2005. Defendants are hereby directed to determine whether any documents responsive to paragraph 3 of this Court's Scheduling Order dated December 3, 2004 (Docket # 19) have been created during the period January 1, 2005 to September 14, 2005. If so, they shall be produced to Wright by no later than July 31, 2008. On this basis, Wright's motion is granted in part. In all other respects, it is denied.

## CONCLUSION

For the foregoing reasons, it is this Court's Decision and Order that Wright's motion to compel **(Docket # 45)** is **GRANTED in PART** and **DENIED in PART**. It is the further Order of this Court that Wright's motion to compel and for sanctions **(Docket # 58)** is **DENIED**. Wright's motion for a civil subpoena duces tecum **(Docket # 64)** is **GRANTED in PART** and **DENIED in PART**.

In addition, it is hereby

ORDERED, that the Scheduling Order shall be amended as follows:

1. All discovery in this case shall conclude on **August 29, 2008**. All motions to compel discovery shall be made returnable on or before **August 29, 2008**.

2. All dispositive motions shall be filed no later than **October 31, 2008**. **NOTE:** If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the following advisement:

> **PLEASE BE ADVISED**, that pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, when a motion for summary judgment is made and properly supported, you may not simply rely upon the complaint [and amended complaint, if one has been filed], but you must respond, by affidavits or as otherwise provided in the rule, setting further specific facts showing that there are genuine issues of material facts for trial. Any factual assertions in our affidavits will be accepted by the Court as being true unless you submit affidavits or other documentary evidence contradicting our assertions. If you do not respond to [the moving party's] motion as described above, summary judgment, if appropriate, may be entered against you. **If summary judgment is entered against you, your case against the moving party will be dismissed.**
>
> **PLEASE BE FURTHER ADVISED**, that pursuant to Local Rule 56 of the Western District of New York, you must include a separate, short, concise statement of any material facts as to which you contend there exists a genuine issue for trial. In the absence of such a statement, all material facts set forth in the moving party's Local Rule 56 Statement will be deemed admitted.

3. Responding papers shall be filed by **November 28, 2008**. Reply papers, if any, shall be filed by **December 12, 2008**. The motion will be taken under advisement without oral argument.

4.   If no dispositive motions are filed, defense counsel shall notify the Court in writing on or before the dispositive motion deadline date.  No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

**In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter appropriate sanctions against that party or that party's attorney, including dismissal of this action, if appropriate.**

**IT IS SO ORDERED.**

                                                      _s/Marian W. Payson_
                                                      MARIAN W. PAYSON
                                                      United States Magistrate Judge

Dated:  Rochester, New York
         July  15 , 2008