UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BORNALLAH WRIGHT,

        Plaintiff,

v.

MR. M. BURLOW, J. TURELLO &
J. MILLER,

        Defendants.

Case # 04-CV-6003-FPG

DECISION & ORDER

  At a status conference held on April 11, 2014, I scheduled this case for a jury trial to commence on September 2, 2014, and also scheduled a pretrial conference to be held on August 4, 2014. On April 14, 2014, I issued a pretrial order that set forth these dates, as well as the various submissions that the parties are required to prepare in preparation for the trial. Dkt. # 85.

  By Application dated June 15, 2014, Plaintiff has requested that the Court appoint counsel to represent him in this matter, asserting that he is "not schooled in law." Dkt. #88. Plaintiff has previously requested the appointment of counsel at least five times in this action, *see* Dkt. ##5, 39, 43, 51, and 57, which applications were all denied. I would note that in his last application, Plaintiff advanced the same justification that he advances here – that he "is incapable of performing the [duties] of [an attorney] for he is not schooled in law." Dkt. #57.

  There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; whether the indigent is able to investigate the facts concerning his claim; whether the legal issues are complex; and

whether there are special reasons why the appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, I find that the appointment of counsel is not warranted in this case. The claims presented in this case – that Plainitff was assaulted on June 11, 2001 by the three Defendants while he was in custody at the Attica Correctional Facility – are not complex, and based upon the Court's conversations with Plainitff at prior appearances and from reading his prior submissions, Plaintiff is capable of presenting his own claims. In addition, there are no special reasons that would favor the appointment of counsel. It remains Plaintiff's responsibility to either retain counsel, or to press forward with this action *pro se*.

As both the pretrial conference date and the trial date are approaching, Plaintiff is advised to review the pretrial order in this case, which informs him of the submissions he must make in advance of these proceedings, and the deadlines for doing so.

Based upon the foregoing, Plaintiff's request for the appointment of counsel (Dkt. #88) is in all respects DENIED.

SO ORDERED.

DATED:   Rochester, New York
         June 18, 2014

_____
HON. FRANK P. GERACI, JR.
United States District Judge